19CV0693 MK (handwritten, top right)

Revised 03/06 WDNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FORM TO BE USED IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**A.** Full Name And Prisoner Number of Plaintiff: **NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, **each** plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. NICOLE TURNER #12G0945
2. _____

FILED JUL 1 - 2013 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

-VS-

**B.** Full Name(s) of Defendant(s) NOTE: *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. MARK PROCOPIO
2. I.G. FELICIANO
3. I.G. CHRIS DOE
4. POLICE OFFICER JANE DOE
5. POLICE OFFICER JOHN DOE
6. DR. CARL WERNE

— CONTINUED ON SEPARATE SHEET —

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION** NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: NICOLE TURNER #12G0945
Present Place of Confinement & Address: ALBION CORRECTIONAL FACILITY
3595 STATE SCHOOL ROAD, ALBION, NEW YORK 14411

Name and Prisoner Number of Plaintiff: _____
Present Place of Confinement & Address: _____

**DEFENDANT'S INFORMATION** NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

1. Name of Defendant: MARK PROCOPIO

    (If applicable) Official Position of Defendant: INVESTIGATOR

    (If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official Capacity

    Address of Defendant: NEW YORK STATE POLICE DEPT. HORSEHEADS BARRACKS 3250 WATKINS ROAD, HORSEHEADS, NY 14845

2. Name of Defendant: FELICIANO

    (If applicable) Official Position of Defendant: INSPECTOR GENERAL'S OFFICER

    (If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official Capacity

    Address of Defendant: NEW YORK STATE OFFICE OF INSPECTOR GENERAL EMPIRE STATE PLAZA, AGENCY BLDG. 2, 16th FLOOR ALBANY NY 12223

3. Name of Defendant: CHRIS DOE

    (If applicable) Official Position of Defendant: INSPECTOR GENERAL'S OFFICER

    (If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official Capacity

    Address of Defendant: NEW YORK STATE OFFICE OF INSPECTOR GENERAL EMPIRE STATE PLAZA, AGENCY BLDG. 2 16th FLOOR ALBANY NY 12223

    — CONTINUED ON SEPARATE SHEETS — (3)

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A. Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action?**
    Yes____ No ✓

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

    Plaintiff(s): _____

    Defendant(s): _____

2. Court (if federal court, name the district; if state court, name the county): _____

3. Docket or Index Number: _____

4. Name of Judge to whom case was assigned: _____

DEFENDANT(s) (continued)

7. Dr. Schaff
8. REBECCA BURD
9. JANE DOE (NURSE 1)
10. JANE DOE (NURSE 2)
11. NEW YORK STATE POLICE - HORSEHEADS BARRACKS
12. ARNOT OGDEN MEDICAL CENTER
13. NEW YORK STATE OFFICE OF INSPECTOR GENERAL
14. ELMIRA CORRECTIONAL FACILITY
15. NEW YORK STATE DEPT. OF CORRECTIONS

occurred

occurance

DEFENDANT(s) INFORMATION (continued)

4. Name of Defendant: JANE DOE

   (If applicable) Official Position of Defendant: POLICE OFFICER

   (if applicable) Defendant is sued in ✓ Individual and /or ✓ Official Capacity

   Address of Defendant: NEW YORK STATE POLICE
   HORSEHEADS BARRACKS, 3250 WATKINS ROAD, HORSEHEADS NY 14845

DEFENDANT(s) INFORMATION (continued)

5. Name of Defendant: JOHN DOE

   (If applicable) Official Position of Defendant: POLICE OFFICER

   (if applicable) Defendant is sued in ✓ Individual and /or ✓ Official Capacity

   Address of Defendant: NEW YORK STATE POLICE
   HORSEHEADS BARRACKS, 3250 WATKINS ROAD, HORSEHEADS NY 14845

DEFENDANT(s) INFORMATION (continued)

6. Name of Defendant: DR. CARL WERNE

   (If applicable) Official Position of Defendant: DOCTOR

   (if applicable) Defendant is sued in ✓ Individual and /or ✓ Official Capacity

   Address of Defendant: ARNOT OGDEN MEDICAL CENTER
   600 FITCH STREET, ELMIRA, NY 14901

DEFENDANT(s) INFORMATION (continued)

7. Name of Defendant: DR. SCHAFF

   (If applicable) Official Position of Defendant: DOCTOR

   (if applicable) Defendant is sued in ✓ Individual and /or ✓ Official Capacity

   Address of Defendant: ARNOT OGDEN MEDICAL CENTER
   600 FITCH STREET, ELMIRA NY 14901

2

DEFENDANT(s) INFORMATION (continued)

8. Name of Defendant: REBECCA BURD

   (If applicable) Official Position of Defendant: REGISTERED NURSE

   (if applicable) Defendant is sued in ✓ Individual and /or ✓ Official Capacity

   Address of Defendant: ARNOT OGDEN MEDICAL CENTER
   600 FITCH STREET ELMIRA NY 14901

DEFENDANT(s) INFORMATION (continued)

9. Name of Defendant: JANE DOE

   (If applicable) Official Position of Defendant: NURSE

   (if applicable) Defendant is sued in ✓ Individual and /or ✓ Official Capacity

   Address of Defendant: ARNOT OGDEN MEDICAL CENTER
   600 FITCH STREET, ELMIRA NY 14901

DEFENDANT(s) INFORMATION (continued)

10. Name of Defendant: JANE DOE

    (If applicable) Official Position of Defendant: NURSE

    (if applicable) Defendant is sued in ✓ Individual and /or ✓ Official Capacity

    Address of Defendant: ARNOT OGDEN MEDICAL CENTER
    600 FITCH STREET ELMIRA NY 14901

DEFENDANT(s) INFORMATION (continued)

11. Name of Defendant: NEW YORK STATE POLICE DEPT.

    (If applicable) Official Position of Defendant: POLICE DEPT.

    (if applicable) Defendant is sued in ✓ Individual and /or ✓ Official Capacity

    Address of Defendant: NYS POLICE HORSEHEADS BARRACKS
    3250 WATKINS ROAD, HORSEHEADS, NY 14845

DEFENDANT(s) INFORMATION (continued)

12. Name of Defendant: ARNOT OGDEN MEDICAL CENTER

   (If applicable) Official Position of Defendant: HOSPITAL

   (if applicable) Defendant is sued in ✓ Individual and /or ✓ Official Capacity

   Address of Defendant: 600 FITCH STREET, ELMIRA NY 14901


DEFENDANT(s) INFORMATION (continued)

13. Name of Defendant: NEW YORK STATE OFFICE OF INSPECTOR GENERAL

   (If applicable) Official Position of Defendant: INSPECTOR GENERAL OFFICE

   (if applicable) Defendant is sued in ✓ Individual and /or ✓ Official Capacity

   Address of Defendant: EMPIRE STATE PLAZA, AGENCY BLDG. 2 16th FLOOR ALBANY NY 12223


DEFENDANT(s) INFORMATION (continued)

14. Name of Defendant: ELMIRA CORRECTIONAL FACILITY

   (If applicable) Official Position of Defendant: CORRECTIONAL FACILITY

   (if applicable) Defendant is sued in ✓ Individual and /or ✓ Official Capacity

   Address of Defendant: 1879 DAVIS STREET P.O. BOX 500, ELMIRA, NY 14902


DEFENDANT(s) INFORMATION (continued)

15. Name of Defendant: NEW YORK STATE DEPT. OF CORRECTIONS

   (If applicable) Official Position of Defendant: CORRECTIONAL SERVICES

   (if applicable) Defendant is sued in ✓ Individual and /or ✓ Official Capacity

   Address of Defendant: 1220 WASHINGTON AVENUE, BLDG. 2 ALBANY, NY 12226

5. The approximate date the action was filed:_____
6. What was the disposition of the case?

    Is it still pending? Yes____ No____

        If not, give the approximate date it was resolved._____

    Disposition (check the statements which apply):

    ____ <u>Dismissed</u> (check the box which indicates why it was dismissed):

        ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

        ____ By court for failure to exhaust administrative remedies;

        ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

        ____ By court due to your voluntary withdrawal of claim;

    ____ <u>Judgment</u> upon motion or after trial entered for

        ____ plaintiff

        ____ defendant.

B. Have you begun **any other lawsuits in federal court** which **relate to your imprisonment**?

    Yes____ No _✓_

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

    Plaintiff(s):_____

    _____

    Defendant(s):_____

    _____

2. District Court:_____
3. Docket Number:_____
4. Name of District or Magistrate Judge to whom case was assigned:_____

_____

5. The approximate date the action was filed:_____
6. What was the disposition of the case?

    Is it still pending? Yes____ No____

        If not, give the approximate date it was resolved._____

Disposition (check the statements which apply):

____ Dismissed (check the box which indicates why it was dismissed):

    ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

    ____ By court for failure to exhaust administrative remedies;

    ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

    ____ By court due to your voluntary withdrawal of claim;

____ Judgment upon motion or after trial entered for

    ____ plaintiff

    ____ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

- Religion
- Free Speech
- Due Process
- Equal Protection
- Access to the Courts
- False Arrest
- Excessive Force
- Failure to Protect
- Search & Seizure
- Malicious Prosecution
- Denial of Medical Treatment
- Right to Counsel

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must <u>provide information</u> about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must <u>attach copies</u> of any decisions or other documents which indicate that you have exhausted your remedies for <u>each</u> claim you assert in this action.

4

A. **FIRST CLAIM:** On (date of the incident) July 24, 2010,
defendant (give the **name and position held** of **each defendant** involved in this incident) See list of Defendants

did the following to me (briefly state what each defendant named above did): See attached statement of facts

The constitutional basis for this claim under 42 U.S.C. § 1983 is: See attached "causes of action"

The relief I am seeking for this claim is (briefly state the relief sought): $10,000,000. from EACH DEFENDANT IN THEIR PERSONAL AND/OR INDIVIDUAL CAPACITIES FOR PUNITIVE AND COMPENSATORY DAMAGES, AND ALL PAIN AND SUFFERING ENDURED BY PLAINTIFF

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? _____ Yes __✓__ No   If yes, what was the result? _____

Did you appeal that decision? _____ Yes __✓__ No   If yes, what was the result? _____

*Attach copies of any documents that indicate that you have exhausted this claim.*
If you did not exhaust your administrative remedies, state why you did not do so: UNAPPLICABLE -(CIVILIAN) PLAINTIFF WAS NOT INCARCERATED AT TIME OF THIS INCIDENT.
*PLEASE NOTE: PLAINTIFF'S HUSBAND DID FILE GRIEVANCE AT ELMIRA CORR. FAC ON HIS BEHALF AND WENT THROUGH ADMINISTRATIVE PROCEEDINGS.
PLAINTIFF DID COMPLAIN TO CENTRAL OFFICE IN ALBANY, NY AFTER INCIDENT.

A. **SECOND CLAIM:** On (date of the incident) _____,
defendant (give the **name and position held** of **each defendant** involved in this incident) _____

5

did the following to me (briefly state what each defendant named above did): _____
_____
_____
_____
_____
_____
_____
_____

The constitutional basis for this claim under 42 U.S.C. § 1983 is: _____
_____

The relief I am seeking for this claim is (briefly state the relief sought): _____
_____

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? _____ Yes _____ No   If yes, what was the result? _____
_____

Did you appeal that decision? _____ Yes _____ No   If yes, what was the result? _____
_____

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____
_____

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

PLAINTIFF BE GRANTED $10,000,000 (ten million DOLLARS) FROM EACH DEFENDANT IN THEIR PERSONAL AND OFFICIAL CAPACITIES FOR PUNITIVE DAMAGES AND COMPENSATORY DAMAGES, AND ALL PAIN AND SUFFERING ENDURED BY PLAINTIFF.

Do you want a jury trial? Yes ✓  No ____

On July 24, 2010, plaintiff arrived at Elmira Correctional Facility to visit her husband, Ronald Hayes. Upon being processed and before seeing her husband, plaintiff was detained by I.G. officers and held in a small room with no ventilation for approximately five hours. Plaintiff was accused of carrying contraband and was interrogated for hours. Plaintiff repeatedly told officers she was not carrying contraband and requested repeatedly to leave. Plaintiff was denied. Plaintiff asked I.G. officers Feliciano and Chris Doe if they had any documentation that justified this detention, I.G. Feliciano replied " No, we hold who we want for as long as we want, that's our policy." Plaintiff repeatedly complained to all security defendants that she had to use the bathroom. Plaintiff's request was denied and she was given a garbage can to urinate in after hours of pleading. When plaintiff finally decided to use the garbage can to urinate in, they took it out of the room and I.G. Feliciano said to plaintiff " do what animals do." After hours of begging and tears, plaintiff urinated on herself. This was funny to the officers and she was told to " clean up this mess!" Plaintiff told all officers involved about her various medical problems which included fibroids that were causing sever uterine bleeding. I.G. Feliciano said " I'll be sure to hook them up with some radiation."

At approximately 2:30 pm, plaintiff was hancuffed and escorted by State Policer Officer John Doe and I.G. Feliciano to NYS Police Horseheads Barracks. Plaintiff informed state police that she had not eaten all day and all the other events that occurred at Elmira Correctional Facility. Plaintiff also complained she would have no way to get home (which was hundreds of miles away) if she was detained any longer. State Police Officer John Doe stated that plaintiff "should have been released to catch a ride home." State police continued to hold plaintiff in custody.

Plaintiff became sick and was suffering heart palpitationsand dizziness at NYS Police Horseheads Barracks. Plaintiff was hancuffed to a gurney and escorted to Arnot Ogden Medical Center via ambulance by State Police Officer Jane Doe at approximately 6 pm. PLaintiff immediately complained to all treating medical staff about all the deprivationendured at Elmira Correctional Facility and NYS Police Horseheads Barracks. Plaintiff also complained shortly after arrival that she wished to be released and to speak with a hospital administrator once medical staff began to harass plaintiff to allow to be manual body cavity searched. Medical staff defendants refused to release plaintiff at this time. Nurse Jane Doe said plaintiff "should not be in custody." Dr. Carl Werne refused to be involved with searching plaintiff after hearing about the events of plaintiff's day and walked out of the room.

However, other medical staff carried out the search even after acknowledging plaintiff was being illegally detained. A warrant was presented to plaintiff and medical staff said "it can't be good" and that "it doesn't even have the time it was issued." Plaintiff's anal and vaginal areas were manually searched and plaintiff was x-rayed in the abdominal area.

No contraband was found.

While being detained at Elmira Correctional Facility, I.G. Chris Doe told plaintiff he knew she "didn't have any drugs" but if plaintiff didn't reveal who did have drugs plaintiff would be arrested and "put through hell" because of her "attitude" and for "asking for a lawyer."

After this ordeal, plaintiff was released in the town of Elmira with no money or way to get back home to Maryland. Plaintiff was released at approximately 9 pm.

CAUSES OF ACTION

1. DOC defendants failed to follow their own policiccies by not releasing plaintiff when plaintiff refused to be subjected to a manual body cavity search and repeatedly requested to be released from the grounds of Elmira Correctional Facility.

2. DOC defendants failed to follow their own policies to release plaintiff from facility once visiting hours were over and plaintiff posed no threat to the security of the facility.

3. All defendants participated in the illegal detention of plaintiff from Elmira Correctional Facility to Horseheads Policce Barracks to Arnot Ogden Medical Center. Each one of these properties were used to illegally detain plaintiff even before a warrant was issued.

4. Warrant was not based on probable cause. Warrant was secured by unreliable uncredible, and fraudulent information.

5. Plaintiff was subject to cruel and inhumane treatment during this illegal detention. DOC staff expressed malicious intent and then acted on this malicious intent through various demonstrations.

6. DOC defendants engaged in illegal identification procedures.

7. Each defendant has demonstrated gross negligence and/or deliberate indifference to plaintiff's civil and natural rights. Each defendant is being sued in their personal and official capacity-Jury trial demanded-plaintiff asks for $10,000,000.00 as to each defendant (including punitive damages).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  June 18, 2013
  (date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_____ Michee Turner _____

_____

Signature(s) of Plaintiff(s)