UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICOLE TURNER,

                             Plaintiff,

                                                                               Case # 13-CV-693-FPG

v.

                                                                               DECISION & ORDER

MARK PROCOPIO, et al.,

                             Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Nicole Turner ("Plaintiff") brings this civil rights action pursuant to 42 U.S.C. § 1983 against multiple defendants. ECF No. 10. Plaintiff alleges that her constitutional rights were violated when prison staff at Elmira Correctional Facility ("Elmira") accused her of carrying contraband when she visited her husband, an Elmira inmate, on July 24, 2010. *Id.* Presently before this Court are motions to dismiss filed by Defendants Rebecca Lynn Bjorck and Justine Waldman, M.D. ECF Nos. 28, 30.

United States Magistrate Judge Michael J. Roemer issued a Report and Recommendation ("R&R") in which he recommends that Defendants' motions be granted in part and denied in part. ECF No. 40. Specifically, Judge Roemer recommends that Plaintiff's unlawful search claim survive dismissal, but that Plaintiff's false arrest and deliberate indifference claims be dismissed with prejudice. Defendants each filed objections to the R&R. ECF Nos. 41, 42. Plaintiff has not filed any objections.[1] Because Defendants make similar objections, this Court will address them together. This Court also assumes the parties' familiarity with the background facts of this case and will proceed to a discussion of the pending motions and objections.

---

[1] Because Plaintiff has not objected to Judge Roemer's recommendation that her false arrest and deliberate indifference claims against Defendants Bjorck and Waldman be dismissed, this Court has reviewed those portions of the R&R for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346 (S.D.N.Y. 2006) ("If no objections are filed . . . reviewing courts should review a report and recommendation for clear error."). This Court finds no clear error in those recommendations and adopts those portions of the R&R in their entirety.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In *Camardo v. Gen. Motors Hourly-Rate Empls. Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992), the court explained:

> It is clear from the plain meaning of the rule that objections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects. It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.

Thus, if no objections are filed, or if the objections simply reiterate the party's original arguments, courts may review the report and recommendation for clear error. *United States v. Gardin*, 451 F. Supp. 2d 504, 507-08 (W.D.N.Y. 2006); *Gasaway v. Perdue*, No. 9:11-CV-01272, 2012 WL 1952644, at *2 (N.D.N.Y. May 30, 2012); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346 (S.D.N.Y. 2006); *United States v. Peldomo*, No. 10-CR-0069, 2010 WL 5071489, at *1-2 (E.D.N.Y. Dec. 7, 2010).

## OBJECTIONS

Defendants raise three objections to the R&R.  *See* ECF Nos. 41, 42.  Defendants argue that Judge Roemer erred when he (1) concluded that Plaintiff's Second Amended Complaint met the basic pleading requirements pursuant to Rule 8 of the Federal Rules of Civil Procedure (ECF No. 41-1, at 4-7; ECF No. 42, at 9-11); (2) considered two unsworn letters that Plaintiff submitted in opposition to Defendants' motions to dismiss and declined to consider the affidavits that Defendants submitted in support of their motions to dismiss (ECF No. 41-1, at 7-10; ECF No. 42, at 4-8); and (3) concluded that Plaintiff's unlawful search claim should survive dismissal (ECF No. 41-1, at 10-14; ECF No. 42, at 11-14).  These objections are addressed in turn below.

**I.      Rule 8**

Judge Roemer found that dismissal was not warranted under Rule 8 because Plaintiff's Second Amended Complaint "gives Bjorck and Waldman fair notice of [Plaintiff]'s claims and the grounds upon which they rely." ECF No. 40, at 6.  Specifically, Judge Roemer noted that the "facts" and "causes of action" sections identified Defendants Bjorck and Waldman by name[2] and specifically accused them of illegal detention, illegal searching, and deliberate indifference. *Id.*

Defendant Waldman argues, however, that it is "simply impossible" to tell from Plaintiff's Second Amended Complaint what actions Defendant Waldman "purportedly undertook under the color of state law that allegedly caused any harm, injury, or deprivation to Plaintiff's constitutional rights." ECF No. 41-1, at 5.  Defendant Waldman also asserts that Plaintiff "fails to state how [her] activity, rather than the activity of 'all medical staff' or the activity of the medical center in general, might have been transformed into state action." *Id.* Similarly, Defendant Bjorck argues that Plaintiff's Second Amended Complaint is insufficient pursuant to Rule 8 because it merely "reiterate[s] the facts alleged in her initial complaint, with the mere change of listing the names of the medical staff defendants." ECF No. 42, at 10.

Rule 8 provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To satisfy Rule 8, the complaint must give the defendant "fair notice" of the plaintiff's claim and the grounds upon which it relies. *Wynder v. McMahon*, 360 F. 3d 73, 77, 79 (2d Cir. 2004).  Dismissal "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Damry v. Nat'l Grid Natural Gas & Elec.*, No. 1:16-CV-267 (LEK/CFH), 2016 WL 1729044, at *1 (N.D.N.Y. Apr. 5, 2016) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

---

[2]     Plaintiff's Second Amended Complaint identifies these defendants as "Rebecca Burd" and "Dr. Schaff." ECF No. 10.  Defendants advised the Court, however, that their names changed to Rebecca Lynn Bjorck and Justine Waldman, M.D., and the Clerk of Court amended the caption of this case accordingly.

This Court agrees with Judge Roemer that Plaintiff's Second Amended Complaint gives Defendants Bjorck and Waldman fair notice of the claims against them. It references them by name and connects them to the alleged actions that violated Plaintiff's rights, namely, that Plaintiff was "illegally detained," "manually searched," and subject to "deliberate indifference." ECF No 10, at 11-13. Accordingly, dismissal is not warranted pursuant to Rule 8.

## II.   Materials to Consider in Deciding Defendants' Rule 12(b)(6) Motions

Judge Roemer's R&R also analyzed what materials could properly be considered in deciding Defendants' motions to dismiss. ECF No. 40, at 7-9. Judge Roemer concluded that, in light of Plaintiff's *pro se* status, the Court could consider the facts contained in two unsworn letters that Plaintiff submitted in opposition to Defendants' motions. *Id.* Attached to one of the letters are Plaintiff's medical records from Arnot Ogden Medical Center ("Arnot Ogden") signed by Defendants Bjorck and Waldman stating in part: "We conducted a body search for the police today that was negative." ECF No. 40, at 8 (citing ECF No. 38, at 5). Judge Roemer noted that "the letters largely reiterate the allegations within the Second Amended Complaint," except that "one letter alleges for the first time that Arnot Ogden and its medical staff are 'under contract' with Elmira and the State Police." ECF No. 40, at 8 (citing ECF No. 32, at 2). Judge Roemer concluded, however, that "consideration of [Plaintiff]'s new allegation that Arnot Ogden is under contract with Elmira and the State Police does not alter the Court's recommendation as to the disposition of Defendants' motions." ECF No. 40, at 8.

Judge Roemer also concluded that the Court could not consider Defendants' affidavits. ECF No. 40, at 8-9. Defendant Bjorck submitted her own affidavit stating that she provided medical treatment to Plaintiff pursuant to directions received from attending physicians, not law enforcement, and that she does not perform body cavity searches. ECF No. 40, at 8 (citing ECF No. 28-2, at ¶¶ 4, 6). Defendant Bjorck also submitted an affidavit from an Arnot Ogden risk

4

management associate that disputes Plaintiff's allegation that the hospital is under exclusive contract with Elmira and the State Police to treat or search individuals in their custody. ECF No. 40, at 8 (citing ECF No. 37-1, at ¶ 5). Defendant Waldman submitted her own affidavit stating that at the time of the events underlying the Second Amended Complaint, she was an employee of Arnot Ogden, not of Elmira or the State Police. ECF No. 40, at 8 (citing ECF No. 30-2, at ¶ 3). Judge Roemer declined to consider Defendants' affidavits because they "go well beyond what the Court may consider on a Rule 12(b)(6) motion." ECF No. 40, at 9.

Defendant Waldman argues that it was "highly prejudicial" for Judge Roemer to consider Plaintiff's unsworn letters because they were not submitted under penalty of perjury and contained allegations not specifically raised in the Second Amended Complaint. ECF No. 41-1, at 7-8. She further asserts that "consideration of [Plaintiff]'s new allegations is only exacerbated by [Judge Roemer]'s decision to exclude from review the affidavits submitted by [Defendants]." *Id.* at 10. Similarly, Defendant Bjorck argues that Judge Roemer should have considered her affidavits because "a court may consider facts outside of the pleadings on a motion to dismiss where the non-movant knows that these additional facts are being considered, and especially where the non-movant responds with her own evidentiary submissions." ECF No. 42, at 7-8.

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted). Courts generally may not consider affidavits and exhibits submitted in connection with a Rule 12(b)(6) motion to dismiss. *See Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000). In deciding a motion to dismiss a *pro se* complaint, however, the court may consider materials outside the complaint, documents submitted with the plaintiff's

5

opposition papers, allegations contained in the plaintiff's memorandum of law, and affidavits as long as these items are consistent with the allegations in the complaint. *See Lopez v. Cipolini*, 136 F. Supp. 3d 570, 579 (S.D.N.Y. 2015); *see also Rodriguez v. Rodriguez*, No. 10-CV-891, 2013 WL 4779639, at *1 (S.D.N.Y. July 8, 2013) ("Although the Court is typically confined to the allegations contained within the four corners of the complaint, when analyzing the sufficiency of a pro se pleading, a court may consider factual allegations contained in a pro se litigant's opposition papers and other court filings.") (internal citations and quotation marks omitted).

This Court agrees with Judge Roemer that it was appropriate to consider Plaintiff's letters in deciding the motions to dismiss. As Judge Roemer explained, Plaintiff's letters reiterate the allegations set forth in the Second Amended Complaint, and the new allegation that Arnot Ogden and Elmira had a contractual relationship does not affect the disposition of Defendants' motions. Given Plaintiff's *pro se* status and the consistency of the allegations in the Second Amended Complaint and her letters, it was proper to consider Plaintiff's additional submissions.

Judge Roemer also properly declined to consider Defendants' affidavits. *See Friedl*, 210 F.3d at 83 ("[A] district court errs when it considers affidavits and exhibits submitted by defendants or relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss.") (internal alterations, quotation marks, and citations omitted). Defendants' affidavits present facts and arguments that this Court simply cannot consider at the motion to dismiss stage, regardless of its consideration of Plaintiff's letters.

**III.     Fourth Amendment Unlawful Search Claim**

Plaintiff alleges that Defendants Bjorck and Waldman unlawfully searched her vaginal and anal areas and x-rayed her stomach to assist the State Police in its search for contraband. ECF No. 10, at 11. Judge Roemer determined that the conduct Plaintiff complains of constitutes

state action and recommended that Plaintiff's unlawful search claim against Defendants Bjorck and Waldman survive dismissal. ECF No. 40, at 11-14.

To state a claim for relief under § 1983, a plaintiff must allege that (1) he or she was deprived of a constitutional or legal right and (2) the deprivation was committed under color of state law, meaning that there was some kind of state action. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). When the defendant is a private actor, the state action requirement may be satisfied if the defendant's alleged conduct is "fairly attributable to the state." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). The Second Circuit has identified three tests to assist in determining whether a private defendant's actions are fairly attributable to the state: (1) the "public function test," which examines whether the state has delegated a public function to the private actor; (2) the "compulsion test," which examines whether the state controls the private actor or whether the private actor acted pursuant to the state's coercive power; and (3) the "joint action test" or the "close nexus test," which examines whether the state significantly encourages the private actor, the private actor willfully participates in joint activity with the state, or the private actor's functions are entwined with state policies. *Fabrikant*, 691 F.3d at 207 (citations omitted).

Here, Judge Roemer concluded that Defendants Bjorck and Waldman acted under color of state law pursuant to the public function test when they "searched [Plaintiff] for contraband at the behest of the police." *Id.* at 11. Judge Roemer also concluded that Plaintiff plausibly alleged state action under the coercion and joint action tests because a warrant was allegedly presented to the medical staff authorizing the search, Defendants Bjorck and Waldman signed medical records stating that they "conducted a body search for the police" (ECF No. 38, at 4-5), and a State Police officer remained in the room while Plaintiff was searched. *Id.* at 12. Judge Roemer

7

concluded that these allegations "raise an inference that the State Police compelled Bjorck and Waldman to carry out the search or, at a minimum, significantly encouraged them to do so." *Id.*

Defendants Bjorck and Waldman argue that Judge Roemer's conclusions were improper because Plaintiff's Second Amended Complaint does not specifically allege that they acted on behalf of the police or based on the allegedly improper search warrant. ECF No. 41-1, at 12-13; ECF No. 42, at 12. However, Plaintiff's Second Amended Complaint states that

> [a] warrant was presented to Plaintiff by Mark Procopio. Nurse 1 Jane Doe said "it can't be good" and that "it doesn't even have the time it was issued." However, Nurse 1 Jane Doe, Nurse 2 Jane Doe, Rebecca [Bjorck], and Dr. [Waldman] carried out the search even after Nurse 1 Jane Doe acknowledged Plaintiff was being illegally detained. Plaintiff's anal and vaginal areas were manually searched and Plaintiff was x-rayed in the abdominal area. State Police Officer Angelique Heppner remained in the room.

ECF No. 10, at 11.

Plaintiff has alleged state action under the public function test because she accuses Defendants Bjorck and Waldman of searching her, which is a power traditionally reserved to the State. *See Rodriques v. Furtado*, 950 F.2d 805, 814 (1st Cir. 1991) (noting that the "power of search" is "traditionally reserved exclusively to the State" and finding that private physician who conducted vaginal search of drug suspect pursuant to search warrant was a state actor for purposes of § 1983 claim); *Warner v. Grand Cnty*, 57 F.3d 962, 964 (10th Cir. 1995) (private individual acted under color of state law when she conducted a strip search for contraband at a police officer's request).

Plaintiff has also alleged state action under the coercion and joint action tests because she asserts that the search warrant was acknowledged and announced in front of Defendants Bjorck and Waldman and that a State Police officer remained in the room during the search. Additionally, Defendants Bjorck and Waldman signed medical records indicating that they searched Plaintiff for the police. ECF No. 38, at 4-5. This Court agrees with Judge Roemer that

"[c]onfronted by the police and given a search warrant, Bjorck and Waldman might very well have believed they had no choice but to search [Plaintiff] for contraband." ECF No. 40, at 12; *Rodriques*, 950 F.2d at 814 (private physician engaged in state action when he searched the plaintiff for drugs because the search warrant police gave him represented "coercive power" and "'significant encouragement'") (citations omitted). Accordingly, Defendants' motions to dismiss the unlawful search claim against them are DENIED.

## CONCLUSION

For the reasons stated, this Court accepts and adopts Judge Roemer's R&R (ECF No. 40) in its entirety. Defendants Bjorck and Waldman's motions to dismiss (ECF Nos. 28, 30) are GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's unlawful search claim against Defendants Bjorck and Waldman may go forward, but Plaintiff's false arrest and deliberate indifference claims against them are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: December 12, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court