UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICOLE TURNER,

                                      Plaintiff,                  Case # 13-CV-693-FPG

v.                                                                        DECISION AND ORDER

MARK PROCOPIO, et al.,

                                      Defendants.
_____

      *Pro se* plaintiff Nicole Turner filed this 42 U.S.C. § 1983 action, alleging that her Fourth and Fourteenth Amendment constitutional rights were violated when prison staff at Elmira Correctional Facility ("Elmira") accused her of carrying contraband when she visited her husband, an Elmira inmate, on July 24, 2010. *See* ECF Nos. 1, 5, 10.  She also alleges constitutional violations by medical staff at Arnot Ogden Medical Center ("Arnot Ogden") on the same date. *Id.* This Court previously dismissed several parties and claims from this action. ECF Nos. 28, 30, 40.

      Presently before this Court are cross-motions for summary judgment brought by the remaining defendants and plaintiff.  ECF Nos. 105, 107, 109, 112, 113.

      United States Magistrate Judge Michael J. Roemer issued a Report and Recommendation ("R&R") recommending that defendants' motions for summary judgment be granted in their entirety, and that plaintiff's complaint be dismissed with prejudice.

      No party filed objections to Magistrate Judge Roemer's R&R, and the time to do so has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). [1]

      In reviewing a Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

---

[1] Although plaintiff requested and received an extension to the deadline for objections, *see* ECF Nos. 152, 153, she failed to file objections by the extended deadline of April 23, 2020.

636(b)(1)(C). Since no objections were filed, this Court is not required to conduct a *de novo* review of the R&R. *See Huang v. J & A Ent. Inc.*, No. 09-CV-5587, at *1 (E.D.N.Y. Jan. 16, 2013) (collecting cases). Furthermore, having reviewed the record and the R&R, the Court has not identified any plain error requiring correction.[2] *See id.*

Based on that review and in the absence of any objections, the Court accepts and adopts Judge Romer's recommendation to grant the defendants' motions for summary judgment and to dismiss the complaint, with one point of clarification.

Defendant Carl Werne was named in this case as a medical professional employed by Arnot Ogden. ECF No. 10 at 7. Service was never effected on this defendant, he did not waive service, and has not appeared in this action. ECF No. 14; *see* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time");[3] *see* ECF No. 14. Even if this defendant had been properly served, however, plaintiff's claim against defendant Werne independently fails because she has failed to plead his personal involvement.

While plaintiff's claims against the medical staff at Arnot Ogden assert that she was subject to an invasive and illegal body cavity search pursuant to an invalid warrant, *see* ECF Nos. 112, 151 at 10, her Second Amended Complaint alleges, "Dr. Carl Werne *refused to be involved with searching Plaintiff* after hearing about the events of Plaintiff's day and walked out of the room." ECF No. 10 at 11 (emphasis added). By plaintiff's own sworn allegations, defendant Werne was not present at the time of the alleged conduct, and as such, he lacks personal involvement which

---

[2] In any event, even applying a *de novo* standard of review, this Court would reach the same conclusion.

[3] Fed. R. Civ. P. 4(m). Rule 4(m) was amended effective December 1, 2015, reducing the time for service from 120 to 90 days.

is a prerequisite to liability under § 1983. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). "A claim which fails to demonstrate a defendant's personal involvement in the alleged constitutional deprivation is subject to *sua sponte* dismissal." *McIntosh v. Reaves*, No. 15-CV-6209, 2019 WL 5865442, at *3 (W.D.N.Y. Nov. 8, 2019). Accordingly, the Court also dismisses the complaint as to defendant Werne. *See Roache v. Fisher*, No. 918CV825, 2019 WL 2089600, at *5 (N.D.N.Y. Apr. 12, 2019), *report and recommendation adopted*, No. 918CV825, 2019 WL 2085987 (N.D.N.Y. May 13, 2019).

Accordingly, the Court ADOPTS Judge Roemer's Report and Recommendation (ECF No. 151), GRANTS the defendants' motions for summary judgment (ECF Nos. 105, 107, 109), and DENIES plaintiff's motions for summary judgment (ECF Nos. 112, 113). Further, the Court *sua sponte* DISMISSES all claims as against defendant Werne. The Second Amended Complaint and all remaining claims contained therein are DISMISSED as to all named defendants. The Clerk of Court shall enter judgment in accordance with this Order and the prior dispositive orders, and shall close this case.

IT IS SO ORDERED.

Dated: May 7, 2020
　　　　Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court